(14 Misc. Rep. 453.)

## CHAPIN v. L. CANDEE & CO.

(City Court of New York, General Term. November 26, 1895.)

1. CONTRACTS—PERFORMANCE—EVIDENCE.

In an action to recover for the construction of a well, where the contract did not require that it should supply a given number of gallons per minute, evidence that the well was useless by reason of an inadequate water supply was properly excluded.

2. SAME—SUBSTANTIAL PERFORMANCE.

A failure on the part of plaintiff to cover a well when completed does not affect his right to recover for the work done, where the cost of such cover is trifling, and is deducted by the jury from the amount due him.

Appeal from trial term.

Action by William D. Chapin againt L. Candee & Co., a corporation, to recover on a contract for building a well. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before FITZSIMONS and McCARTHY, JJ.

Chas. De Hart Brower, for appellant.

Arnoux, Ritch & Woodford, for respondent.

FITZSIMONS, J. The plaintiff herein claimed that the original contract made between him and the defendant was, subsequent to the commencement of the work required to be done thereunder, modified and changed, and, as so modified, he completed his part thereof. As to whether or not such modification was made was one of the questions in dispute, and was properly submitted to the jury, and determined against defendant. The evidence was certainly sufficient to justify a verdict in plaintiff's favor. Therefore, the trial justice was right in refusing to set aside the verdict upon defendant's motion as against the weight of evidence and contrary to law. Under the contract the plaintiff was not required to build a well that would supply a given number of gallons per minute. Therefore, it was immaterial whether or not the well, when finished, was useful to defendant or fit for the purpose of its intended use by defendant. No such contract was made herein, and the evidence sought to be introduced by defendant tending to show that the well was useless to it was properly excluded.

As to the failure of plaintiff to properly cover over the top of the well, that evidently was an insignificant and unimportant part of the work, particularly in view of defendant's claim that the well was entirely unfit for use. That being so, it is evident that it could have properly covered it at a trifling cost. Even plaintiff says that such cost could not have exceeded $20, which amount the jury allowed defendant in their verdict. It is very evident from the defendant's testimony, that it did not attach any importance to the failure of plaintiff to cover the well as the contract required. Its whole and sole objection appears to be that the well furnished only 100 gallons per minute. In our opinion, under the facts and circumstances of this case, the objection at present under consideration is technical, and not substantial in merit or law.

We have examined the record carefully, and think that the plaintiff performed his contract. The result was undoubtedly unsatisfactory to defendant, but that fact does not affect plaintiff's right to recover herein, as he did not contract that the well, as before stated, when completed, would supply any given number of gallons of water.

The judgment must be affirmed, with costs.